## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CROWELL & MORING, LLP**<br>1001 Pennsylvania Ave. NW<br>Washington, D.C. 20004<br><br>           Plaintiff<br><br>           v.<br><br>**INCHCAPE SHIPPING SERVICES WORLD LTD**<br>Units 5-7 Lakeside Business Village<br>Fleming Road<br>Chafford Hundred<br>Essex  RM166YA<br>United Kingdom<br><br>**ISS MARINE SERVICES, INC.**<br>11 N. Water Street<br>Mobile, AL 36602<br><br>**INCHCAPE SHIPPING SERVICES HOLDINGS LTD**<br>Units 5-8, Lakeside Business Village<br>Fleming Road, Chafford Hundred<br>Essex, RM16 6EW<br>United Kingdom<br><br><br>           Defendants | Civil Action No. 15-cv-138<br><br>COMPLAINT |

## COMPLAINT
## (BREACH OF CONTRACT;
## QUANTUM MERUIT FAILURE TO PAY FOR LEGAL SERVICES)

Plaintiff Crowell & Moring, LLP ("Crowell"), by its attorneys, for its Complaint against defendant Inchcape Shipping Services World, LTD, and its corporate subsidiaries, Inchcape Shipping Services Holdings Ltd., and ISS Marine Services, Inc., (collectively "ISS") alleges as follows:

1

## OVERVIEW

1.     This is a breach of contract action by Crowell, a Washington, D.C.-based law firm. ISS retained Crowell in April 2010 for legal representation in connection with a series of government contracting issues, including, but not limited to, False Claims Act investigations by the Department of Justice and successfully resolving a notice of suspension and debarment by the United States government.  Pursuant to the written agreement between the parties, Crowell performed the requested services, and ISS paid Crowell in part.  But ISS failed to pay all of the outstanding charges for fees and expenses owed to Crowell.  Because of ISS's non-payment, Crowell withdrew from the representation in November, 2014, and now brings this action to recover ISS's outstanding balance of fees and costs, plus interest thereon, in an amount not fully determined at this time, but in excess of $971,830.18.

## THE PARTIES

2.     Crowell is an international law firm operating as a limited liability partnership duly formed and existing under the laws of the District of Columbia. Crowell maintains offices in various jurisdictions, including in Washington, D.C., and most of the work related to this representation was performed at Crowell's Washington, D.C. office located at 1001 Pennsylvania, N.W., Washington, D.C. 20004.

3.     Inchcape Shipping Services World Ltd is and, at all times hereinafter mentioned, was a limited liability company incorporated in the United Kingdom and headquartered at Units 5-7 Lakeside Business Village, Fleming Road, Chafford Hundred, Essex RM166YA in the United Kingdom.  According to its website, ISS provides marine, cargo and supply chain solutions to the global maritime industry.  Covering every key port

worldwide, ISS has some 300 offices in 67 countries and employs over 3,900 people. The other defendants are all corporate subsidiaries of Inchcape Shipping Services World Ltd.

4.  Inchcape Shipping Services Holdings Ltd is and, at all times hereinafter mentioned was a limited liability company, incorporated in the United Kingdom and Units 5-8, Lakeside Business Village, Fleming Road, Chafford Hundred, Essex, RM16 6EW, United Kingdom.

5.  ISS Marine Services Inc., is and, at all times hereinafter mentioned was a U.S.-based corporate subsidiary of Inchcape Shipping Services World Ltd, and Inchcape Shipping Services Holdings Ltd., and is headquartered at 11 N. Water Street, Mobile, Alabama, 36602.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) (2) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.  Plaintiff is limited liability partnership under the laws of the District of Columbia and is headquartered in the District of Columbia. Defendants are limited liability companies with its principal place of business in a foreign jurisdiction or State, including the United Kingdom, and Mobile, Alabama.

7.  Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the District of Columbia.  The legal services provided were in connection with legal issues related to United States government contracts conducted in the District of Columbia; the legal services were provided by lawyers based in the District of Columbia and included litigation in this Court; the Defendant spent substantial time working from Plaintiff's offices in the District of

Columbia and the Defendant regularly transacted business with the federal government in the District of Columbia.

## FACTUAL ALLEGATIONS

### COUNT I
### BREACH OF CONTRACT

8. In April 2010, ISS sought out counsel with experience in United States government contracting issues and civil and criminal fraud.

9. At that time, ISS was faced with significant legal issues, including, but not limited to, being investigated by the Department of Justice ("DOJ") and the Department of Defense ("DOD") in connection with work it had performed for the U.S. Navy.

10. In April, 2010, ISS retained Crowell, and firm lawyers based in Washington, D.C. began providing legal services to defendants related to the DOJ investigation and government contracts compliance.

11. The terms of Crowell's representation of ISS are set forth in a written engagement letter dated April 19, 2010, signed by both Crowell and ISS (the "Engagement Letter"). By the Engagement Letter, Crowell promised to perform legal services and ISS promised to pay for those services. A true and correct copy of the Engagement Letter is attached hereto as Exhibit A.

12. Among other things, the Engagement Letter specified the hourly rates for the Washington, D.C.-based partners, associates and paralegals who would work on the government contracting matters. The Engagement Letter also indicated that the Firm would "render statements monthly for services performed during the preceding month. These statements are due on receipt."

13. Throughout the course of the representation, ISS held out the Washington, D.C.-based Crowell lawyers as its counsel; Crowell worked diligently and vigorously to represent ISS, and ISS benefitted from Crowell's services. Crowell fully performed the services for which it was retained. This work on behalf of, and at the request of, ISS included, but was not limited to, litigation leading to the published decision in *United States v. ISS Marine Services, Inc.*, ___ F. Supp. 2d ___, 2012 WL 5873682 (D.D.C. Nov. 21, 2012), as well as assisting ISS in successfully resolving a notice of suspension and debarment ISS received from the U.S. Navy.

14. Throughout the course of the representation, Crowell sent monthly invoices to ISS, each of which contained for the relevant period the total fees and disbursements, detailed descriptions of the tasks performed by the Crowell lawyers and the time spent on these tasks. ISS did not timely and fully pay all of the invoices it received, but it continually promised payment, and requested that Crowell be patient and continue to render professional services. Despite failing to pay for the legal services it received, ISS continued to request legal services from Crowell and affirmatively led Crowell to believe that it would be paid for its legal services.

15. Crowell repeatedly attempted to work with ISS on its outstanding balance. In reliance upon ISS's representations and in accordance with its professional obligations, Crowell continued to provide legal services to protect and preserve the legal interests of the client.

16. By letter dated November 28, 2014, Crowell advised ISS of its intent to withdraw from representing ISS because of ISS's failure to pay for the legal services it

5

received. Prior to that date, ISS did not object regarding the quality of the legal services provided, the format of the monthly invoices, or the billing rates of Crowell personnel.

17. By letter dated December 1, 2014, to Eric Moe, Esq., General Counsel for ISS, Crowell confirmed that ISS had "a substantial unpaid debt to this law firm, a debt that is several months old. Our records show that your company currently owes Crowell & Moring $971,830.18." The December 1 letter also warned that if payment was not received by December 15, 2014, then the firm would "commence legal proceedings against your company for payment of its debts."

18. Crowell is now informed and believes that ISS intentionally misled Crowell and caused it to provide legal services, while intending not to pay for such services and not informing Crowell of its intent. By its actions, ISS has also breached the implied covenant of good faith and fair dealing that is included in every contract under the applicable law.

19. As of December 1, 2014, in exchange for legal services it received from Crowell, ISS had incurred but had not paid fees in the amount of $971,830.18. ISS has breached its agreement with Crowell and in accordance with the Engagement Letter, ISS owes Crowell at least $971,830.18, plus interest thereon.

## COUNT II
## QUANTUM MERUIT

20. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 19 as if fully set forth herein.

21. Defendants requested and accepted Crowell's legal services, and benefitted from these services and the costs incurred by Crowell on Defendant's behalf.  It would unjustly enrich the Defendants to permit acceptance of the legal services without paying Crowell for the reasonable value of all of said services and reimbursing Crowell for the costs incurred on Defendants' behalf.

22. The reasonable value of the unpaid legal services rendered to Defendants is in excess of $971,830.18.

23. Crowell has been injured and damaged as a result of Defendants' failure to pay for all of the aforesaid legal services rendered and the costs incurred on Defendant's behalf.

WHEREFORE, Plaintiff, Crowell and Moring LLP, demands that a judgment be entered in its favor and against Inchcape Shipping Services World, LTD, and its corporate subsidiaries, Inchcape Shipping Services Holdings Ltd., and ISS Marine Services, Inc., (collectively "ISS"):

    A.    Awarding Crowell damages in the amount of $971,830.18, plus interest thereon pursuant to the terms of the contract;

    B.    Awarding statutory pre- and post-judgment interest;

    C.    Awarding attorney's fees and costs incurred; and

    D.    Granting such other and further relief as is necessary and appropriate.

Dated:  January 28, 2015          /S/ Keith J. Harrison

Keith J. Harrison (DC Bar No. 416755)
**Crowell & Moring, LLP**
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2560
(202) 628-5116 (fax)
kharrison@crowell.com
*Counsel for Plaintiff, Crowell & Moring LLP*